IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLAUDE T. HARRELL, JR., Regional Director of Region 14 of the National Labor Relations Board for and on behalf of the NATIONAL LABOR RELATIONS BOARD, )<br>)<br>)<br>)<br>) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 12-40-GPM |
| ) | |
| BIG RIDGE, INC., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion to stay order and/or suspend injunction pending appeal brought by Defendant Big Ridge, Inc. ("Big Ridge") (Doc. 53). On March 6, 2012, the Court conducted an extensive hearing on charges brought by Plaintiff Claude T. Harrell, Jr., Regional Director of Region 14 of the National Labor Relations Board ("NLRB") for and on behalf of NLRB, of unfair labor practices by Big Ridge at Big Ridge's Willow Lake coal mine in Equality, Illinois. The Court took testimony from numerous witnesses concerning Big Ridge's attempts to prevent the United Mine Workers of America ("UMWA") from organizing Willow Lake employees and becoming the collective-bargaining representative of Willow Lake employees. In particular, the evidence focused on Big Ridge's termination of Wade Waller, a Willow Lake employee and a vocal supporter of UMWA at the mine. On April 30, 2012, having considered carefully the order of administrative law judge Jeffrey D. Wedekind dated December 1, 2011, concerning unfair labor practices by Big Ridge at the Willow Lake mine, in violation of the National Labor Relations Act

("NLRA"), 29 U.S.C. § 151 *et seq.*, and the evidence taken by the Court at the hearing on March 6, 2012, the Court entered an injunction against Big Ridge pursuant to Section 10(j) of the NLRA, which states,

> The [NLRB] shall have power, upon issuance of a complaint as provided in subsection (b) of this section charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant to the [NLRB] such temporary relief or restraining order as it deems just and proper.

29 U.S.C. § 160(j). On May 2, 2012, Big Ridge filed a notice of appeal from the Court's Section 10(j) injunction. Big Ridge now requests that the Court's injunction be stayed pending resolution of Big Ridge's appeal.

The issuance of a stay pending an appeal by a federal district court is governed by Rule 62 of the Federal Rules of Civil Procedure. The Court will set out briefly the pertinent provisions of Rule 62. Rule 62 states: "Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry. But unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken: (1) an interlocutory or final judgment in an action for an injunction or a receivership[.]." Fed. R. Civ. P. 62(a). Rule 62 provides further: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). Initially, the Court must decide whether Big Ridge is entitled to a stay pending appeal. If the Court finds that a stay is appropriate, the Court then must decide

whether to waive the bond requirement and allow some form of alternate security to secure the rights of the appellee. To determine whether Big Ridge is entitled to a stay under Rule 62, the Court must assess: "(1) whether [Big Ridge] has made a strong showing that [it] is likely to succeed on the merits; (2) whether [Big Ridge] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). *See also Cavel Int'l, Inc. v. Madigan*, 500 F.3d 544, 546-49 (7th Cir. 2007) (by showing that it would likely be forced to go out of business if it were not granted an injunction against enforcement of an Illinois statute making unlawful the slaughter of horses for human consumption, a company made a sufficiently strong showing to be entitled to an injunction pending appeal of its challenge to the statute; the statute was remote from the vital interests of most state residents and a brief delay in its enforcement would not create perceptible harm, and the company's argument for the invalidity of the statute, that it burdened interstate commerce in violation of the Commerce Clause, had merit); *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006) ("In assessing whether a stay [pending appeal] is warranted, the district court [is] required to determine whether the party seeking the stay has demonstrated that: 1) it has a reasonable likelihood of success on the merits; 2) no adequate remedy at law exists; 3) it will suffer irreparable harm if it is denied; 4) the irreparable harm the party will suffer without relief is greater than the harm the opposing party will suffer if the stay is granted; and 5) the stay will be in the public interest."). A stay pending appeal has been termed an extraordinary remedy. *See Kuri v. Edelman*, 491 F.2d 684, 687 (7th Cir. 1974) (citing *Belcher v. Birmingham Trust Nat'l Bank*, 395 F.2d 685, 686 (5th Cir. 1968)); *Adams v. Walker*, 488 F.2d 1064, 1065 (7th Cir. 1973).

In this instance, Big Ridge has made no serious effort to show that the elements that it must prove in order to procure a stay pending appeal are satisfied in this case. Instead, Big Ridge merely states baldly that it will suffer irreparable harm if it is forced to reinstate Wade Waller, the Willow Lake employee whom the Court found Big Ridge had terminated in retaliation for his outspoken support of UMWA, and that Big Ridge "has a reasonable chance of prevailing on appeal based on Seventh Circuit case law[.]" Doc. 53 at 2 ¶ 4. Obviously, this showing is completely inadequate to establish grounds for a stay pending appeal. Furthermore, Big Ridge offers no security for a stay of the Court's judgment pending appeal, notwithstanding the obvious adverse economic impact such a stay would have on Willow Lake employees, probably most notably Wade Waller, whose reinstatement to his former position at the Willow Lake mine specifically was ordered by the Court in its Section 10(j) injunction. As already has been noted, Rule 62 states: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). It is within a district court's discretion to stay execution of a judgment pending appeal without requiring a bond. *See Lightfoot v. Walker*, 797 F.2d 505, 506 (7th Cir. 1986). When making this decision, a court should consider the following criteria: (1) "the complexity of the collection process"; (2) "the amount of time required to obtain a judgment after it is affirmed on appeal"; (3) "the degree of confidence that the district court has in the availability of funds to pay the judgment"; (4) whether the defendant's ability to pay the judgment is so obvious that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial state that "the requirement to post a bond would place other creditors of the defendant in an insecure position." *Dillon v. City of Chicago*, 866 F.2d

902, 904-05 (7th Cir. 1988). However, in this instance, Big Ridge neither has offered to post security for a stay of the Court's injunction nor offered any explanation for why it cannot post such security. Therefore, the Court need not consider whether to waive the requirement of security for a stay pending appeal in this case.

To conclude, Big Ridge's motion to stay enforcement of the Court's Section 10(j) injunction pending appeal (Doc. 53) is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 7, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge